**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



OREGON MUTUAL INSURANCE
COMPANY, an Oregon Corporation,

          Plaintiff - Appellant,

  v.

NATIONAL GENERAL INSURANCE
COMPANY, a Missouri Corporation,

          Defendant - Appellee.

No. 10-15957

D.C. No. 1:09-cv-00452-AWI-
SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON, District Judge.[**]

Oregon Mutual Insurance Company ("Oregon") appeals the district court's

grant of summary judgment in favor of National General Insurance Company

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

("National") in this insurance coverage dispute stemming from a dog bite sustained when the claimant approached the dog which was in the back of the insured's parked pickup truck. After Oregon settled legal claims against the insured, it filed suit in federal district court against National seeking equitable contribution, subrogation, indemnity, and declaratory relief. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's ruling on cross motions for summary judgment, *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010), and affirm the district court's ruling.

This case requires us to determine whether the injury sustained as a result of the dog bite arose out of the use of the truck. We hold that it did not. The "term 'use' when applied to a motor vehicle shall only mean operating, maintaining, loading, or unloading a motor vehicle." Cal. Ins. Code § 11580.06(g). The events giving rise to a claim under an automobile insurance policy must arise out of, and be related to, the "use" of the vehicle. *See Am. Nat'l Prop. & Cas. Co. v. Julie R.*, 76 Cal. App. 4th 134, 138 (1999). The vehicle's operation, movement, maintenance, loading, or unloading must be a substantial factor or predominating cause of the claimant's injury. *State Farm Mut. Auto. Ins. Co. v. Grisham*, 122 Cal. App. 4th 563, 566–68 (2004). That the vehicle merely served as the situs of the injury is insufficient to find that the injury arose out of the "use" of the

2

automobile. *Julie R.*, 76 Cal. App. 4th at 140.

In this case, although the dog occupied the truck's bed, the insured's "use" of the truck was not a predominating cause of the injury; the truck merely provided the situs for the injury. Accordingly, as the injury from the dog bite did not arise out of the "use" of the vehicle, a claim under the auto insurance policy fails and we affirm the district court's grant of summary judgment in favor of National.

**AFFIRMED.**